IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00494-EWN-OES

ZOLO TECHNOLOGIES, INC., a Delaware corporation,

Plaintiff(s),

v.

ROADWAY EXPRESS, INC., a Delaware corporation,

Defendant(s).

---

ORDER GRANTING PLAINTIFF'S
MOTION IN LIMINE OR TO STRIKE EXPERT WITNESS

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  November 18, 2005

This is a case brought pursuant to the Carmack Amendment.  Plaintiff alleges that it shipped goods with defendant as the carrier, and the goods arrived in a damaged condition.

Defendant retained the services of an expert in packaging named Paul Singh, Ph.D, and provided him with documents and photographs from which he could offer an opinion as to the adequacy of plaintiff's packaging of its goods.  Defendant disclosed Dr. Singh's report to plaintiff on October 6, 2005, eleven days before the October 17 deadline for disclosing experts that was established by the Scheduling Order.

Plaintiff's deadline for filing a rebuttal report was November 1, 2005.  Plaintiff elected, instead, to file its motion to strike.

Plaintiff asks in its motion that I strike Dr. Singh as an expert.  It argues that the

report provided by Dr. Singh does not meet the standards for reliability that are established by the Daubert and Kumho cases.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999).

I agree with the arguments of plaintiff.  I will grant its motion, and I will order Dr. Singh stricken as a witness.

## DAUBERT AND KUMHO STANDARDS

In Daubert, the United States Supreme Court held that trial courts must engage in a "gatekeeping" role with regard to the introduction of expert testimony.  Daubert, 509 U.S. at 592-97.  In considering scientific or expert testimony, the courts are concerned, in part, with the application of Rules 104 and 702 of the Federal Rules of Evidence.

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.  This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

Id. at 592.  Once the court is aware that scientific evidence is at issue, judges are obligated to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."  Id. at 589.  The Court stated, "Rule 702 . . . clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify."  Id.

To carry out their role as gatekeeper, trial courts must weigh and evaluate the

admissibility of expert testimony according to several factors, including the following: (1) whether the theory or technique at issue has been subjected to testing, (2) whether the theory or technique has been subjected to publication and peer review, (3) whether the theory or technique has a known or potential rate of error, and (4) whether the theory or technique has achieved general acceptance in the particular technical or scientific community. Id. at 593-94. The Supreme Court has emphasized that "the test of reliability is 'flexible,'" and that the list of specific factors contained in Daubert "neither necessarily nor exclusively applies to all experts or in every case." Kumho, 526 U.S. at 141, 119 S.Ct. at 1171.

> Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

Id. at 142.

In the Kumho case, the Supreme Court was asked to decide whether the gatekeeping role of a trial judge is limited to an evaluation of "scientific testimony" only, or whether the same role should be performed with regard to all expert testimony. The Supreme Court held that the language of Rule 702 "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge." Id. at 1174. Thus, Daubert's general principles apply to all expert matters which fall within the ambit of Rule 702. Id. at 1175. Regardless of the scientific or technical field from which an expert springs, the objective of the gatekeeping requirement is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Id. at 1176. The focus of

the court's inquiry must be "solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 594.

## DISCUSSION

### 1

The problem with defendant's expert disclosure is that Dr. Singh's expert report is not a report at all. As plaintiff points out in its motion, Dr. Singh's report consists of a single, two-sentence paragraph, which is as follows:

> 1. The type of materials used for the crate for containment and protection were not appropriate in strength for this package system to be "re-used" as a shipping container.
>
> 2. The type of cushioning protection was not adequate for expected impacts during handling and transportation.

*See* Pltf's Mtn, Ex. A.

### 2

In support of his designation of Dr. Singh, plaintiff notes that Dr. Singh is an expert in packaging, and Dr. Singh's *curriculum vitae* indeed reflects that he has advanced degrees, including a Master's degree, in the subject of packaging. Accordingly, Dr. Singh is presented as a person with specialized knowledge in the packaging of materials for transport and shipping.

Dr. Singh may be an expert in packaging, but he has failed to demonstrate in his report that he applied any technical or scientific expertise to the problem which he addressed. In his report, he states nothing more than that the crate was not appropriate, and the cushioning was not adequate. That is the sum and substance of

his report. He provides no data, and refers to no methodology by which he reached these conclusions. "'[P]roviding only an ultimate conclusion with no analysis is meaningless.'" Huey v. United Parcel Service, Inc., 165 F.3d 1084, 1086 (7th Cir. 1999).

Rule 702 has three major requirements: (1) the proffered witness must be an expert; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact. *See* Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-42 (3rd Cir. 1994). The report of Dr. Singh fails with respect to both numbers (2) and (3). Nothing in the report reflects that he applied any scientific expertise in reaching his conclusions. Dr. Singh might as well have been a lay person who could be heard to say, the crate looked pretty flimsy to him.

**3**

Defendant asserts in its response that Dr. Singh's report is not his final word on the quality of the packaging that is presented by the facts in this case. Defendant expects that plaintiff will conduct depositions, and that the doctor will supplement his report at a later date.

Rule 26(a)(2)(B) states that expert witnesses must provide the court and opposing counsel with a written report that contains, among other things, "a complete statement of all opinions to be expressed and the bases and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." Fed.R.Civ.P. 26(a)(2)(B). The Scheduling Order provided that counsel for the parties were to

designate their experts and provide expert reports in accordance with the deadlines set in the scheduling order, or in accordance with any extensions that were granted. Fed.R.Civ.P. 26(a)(2)(C).

The purpose of Rule 26(a)(2)(C) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal expert reports, to determine whether to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial. The purposes of this rule are rendered ineffective if parties exchange expert reports that do not comply with the provisions of the rule, or provide abbreviated versions of a report, delaying until a later date the provision of a so-called "full report." See Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003) (noting that "the very purpose of the rule is nullified" when an expert "supplements" his report by addressing a new matter after discovery has ended). The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony. See Keener v. United States, 181 F.R.D. 639, 641 (D.Mont. 1998).

In light of the purposes of Rule 26(a), Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there was substantial justification for such failure. Fed.R.Civ.P. 37(c)(1). Defendant has not articulated any facts that would bring Dr. Singh's report within either of the exceptions to Rule 37(c)(1). Discovery is now closed in this matter, the Preliminary Pretrial Order has been finalized and signed, and the next date that will occur will be the final trial preparation conference to be set by Judge

Nottingham.  No time remains for the parties to conduct additional discovery in regard to experts.

Defendant points out in its response that the Preliminary Pretrial Order that has been entered "provides for expert disclosures for another ten days [following the Preliminary Pretrial Conference], so even a disclosure now could not surprise Plaintiff." Deft's Resp. at 6, *citing* Prel. PTO at ¶ 5(c).  Defendant's observation is correct, and, regrettably, I overlooked that paragraph at the time of the Preliminary Pretrial Conference.  Had I seen it, I would have stricken it at that time, because, in the circumstances of this case, such a continuation of discovery is antithetical to the very deadlines that are contained in the Scheduling Order.  The Scheduling Order provides that the cutoff date for all discovery was November 15, 2005, and the deadline for the parties to file any dispositive motions was set for that same date.  Counsel for the parties are fully aware that the latter deadline, that for the filing of dispositive motions, is always set by Judge Nottingham, and it is relatively fixed and immutable.  It can be changed only by Judge Nottingham himself.  No discovery can be conducted beyond the cutoff date set in the Scheduling Order, and, with a certainty, no discovery can be conducted beyond  the deadline set for the filing of dispositive motions.

Rule 26(e)(1) provides a limited exception to the deadlines that are provided in Rule 26(a)(2)(C), or, as in this case, the deadlines that are set by the scheduling orders.  The rule requires that an expert witness may supplement his report if he "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1).  The

rule does not permit parties to file supplemental reports whenever they believe such reports would be desirable, or even necessary to their case. Instead, the Rule permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.  *See* Keener v. United States, 181 F.R.D. 639, 640 (D.Mont. 1998). Specifically, supplemental reports are permitted under Rule 26(e)(1) only (a) upon court order; (b) when the party learns that the earlier information is inaccurate or incomplete; or (c) when answers to discovery requests are inaccurate or incomplete.  Id.

Defendant has not shown that Dr. Singh's report will need to be supplemented for the reason that he or defendant learned, after the fact, that the expert report was incomplete or incorrect. This report was patently incomplete or incorrect when completed.

Finally, even if expert discovery *could* be allowed beyond the cutoff dates set in the Scheduling Order, defendant has not shown that such discovery should be allowed here. First, I am unimpressed by defendant's assertion that it only learned on October 6, 2005, that the quality of plaintiff's packaging efforts or materials would be an issue in this case. Plaintiff's sole claim is that its goods arrived at their destination in a damaged condition. Immediately upon receiving a complaint with regard to damaged goods, any reasonable cargo hauler or lawyer would be on notice that the quality of the plaintiff's packaging efforts would be a factor deserving of investigation. Second, the expert report submitted by defendant is so completely deficient in content that defendant is not deserving of further extensions in which to cure the problem.

I am mindful of the fact that the striking of an expert because of an untimely

designation is a drastic action. Summers v. Missouri Pacific Railroad System, 132 F.3d 599, 604 (10th Cir. 1997). As defendant has pointed out in its response, before taking such an action, the Tenth Circuit has directed trial judges to consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

Id.

In the circumstances presented here, defendant's expert report is not being stricken because it was untimely. It is being stricken because it is utterly deficient under the standards contained both in Rule 26 and in the Daubert and Kumho line of cases, and no circumstances exist that would justify an allowance to defendant of an opportunity to provide a so-called "supplementation" to the deficient report.

## ORDER

It is therefore ORDERED that Plaintiff's Motion in Limine or to Strike Expert Witness [Doc. 39, filed Nov. 1, 2005] is GRANTED, and defendant's expert, Paul Singh, Ph.D., is hereby stricken.

Dated at Denver, Colorado, this day of: November 18, 2005

                BY THE COURT:

                s/ O. Edward Schlatter
                _____
                O. Edward Schlatter
                United States Magistrate Judge